[Cite as *In re Guardianship of LaRue*, 2024-Ohio-692.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

IN RE:                                          :

   GUARDIANSHIP OF JUANITA        :          CASE NO. CA2023-08-060
   LARUE
                                                :             O P I N I O N
                                                              2/26/2024
                                                :

                                                :

                                                :


APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 2020 GI 1661


Donnell & Thomas Law, LLC, and Titus G. Donnell, for appellant.

Law Office of Vivian L. Martin, LLC, and Vivian L. Martin, for appellee.



**PIPER, J.**

{¶ 1}  Appellant, The Laurels of Milford Nursing Home, LLC ("The Laurels"), appeals from the Clermont County Probate Court's entry approving and settling the account of Vivian Martin as guardian of the estate of Juanita LaRue.[1]  For the reasons outlined below, we reverse the probate court's decision and remand the matter for further

---

1. Pursuant to Loc.R. 6(a), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

proceedings.

## I. Facts and Procedural History

{¶ 2}   On December 7, 2020, after a series of visits from Clermont County Adult Protective Services (APS), Juanita LaRue was placed in The Laurels of Milford nursing home due to her declining physical and mental health.  On December 10, 2020, APS filed a petition for protective services in the probate court.  APS sought an order that LaRue remain at The Laurels, that a guardianship on her estate and person be established to assist with the Medicaid application process, and that LaRue's personal property and health care be managed by a guardian.  On December 22, 2020, the probate court issued an order of protective services on the terms sought.

{¶ 3}   On January 12, 2021, attorney Vivian Martin applied to the probate court to be appointed as guardian of LaRue's estate.  On April 15, 2021, the probate court issued letters of guardianship to Martin as guardian of LaRue's estate.  Over the next several months, The Laurels was in contact with Martin and sought her cooperation in qualifying LaRue for Medicaid coverage.   Martin failed over the course of the first year of guardianship to secure Medicaid coverage for LaRue.  On June 24, 2022, The Laurels filed a complaint in probate court against Martin, alleging that Martin had been inactive in securing necessary health benefits for LaRue, and LaRue had been denied Medicaid due to Martin's lack of cooperation.  Martin answered on July 15, 2022 denying the allegations.  A hearing was set for August 19, 2022, but The Laurels' representative failed to attend, and on August 26, 2022, the probate court dismissed the complaint.  However, The Laurels acknowledged Martin met with their attorney on January 17, 2023.  At that time, Martin produced the necessary documentation to qualify LaRue for Medicaid coverage.

{¶ 4}   LaRue passed away on April 2, 2023.  On June 6, 2023, Martin filed an Application to Expend Funds Post-Death listing some of LaRue's outstanding debts.  An

attached billing statement from The Laurels indicated that LaRue owed an outstanding balance of $124,282.46. Martin stated that the balance could be partially paid from the funds in the guardianship checking account and LaRue's assets would then be completely expended. On June 9, 2023, the probate court authorized the expenditure of funds and ordered payment of $2,157.45 to The Laurels from the checking account.

{¶ 5}  On July 18, 2023, Martin filed her final account in LaRue's guardianship, and the probate court scheduled a hearing on the final account for August 23, 2023. Creditors had until August 18, 2023 to file exceptions to the account. On July 25, 2023, Martin filed a motion for waiver of service of the account on Donald LaRue, LaRue's only next of kin, because Martin was unable to locate him. In the same motion, Martin further requested that the probate court vacate the August 23, 2023 hearing and close the guardianship. On July 26, 2023, the probate court entered an order waiving service on Donald LaRue and ordering that the August 23, 2023 hearing be vacated and the matter closed. On the same day, the probate court journalized an entry approving and settling the final account, and discharging Martin as fiduciary. The record does not reflect that The Laurels received formal notice of any of the aforesaid filings.

{¶ 6}  The Laurels appealed on August 24, 2023.

## II. Legal Analysis

{¶ 7}  The Laurels' sole assignment of error states:

> THE TRIAL COURT ABUSED ITS DISCRETION SETTLING
> THE GUARDIAN'S FINAL ACCOUNT WITHOUT HOLDING
> A HEARING PURSUANT TO R.C. 2109.32.

{¶ 8}  On appeal, The Laurels argues that the probate court abused its discretion by not holding a hearing to approve the guardian's final accounting as mandated by R.C. 2109.32, thereby depriving The Laurels of the opportunity to assert its right to file exceptions to the account. We agree.

- 3 -

{¶ 9} R.C. 2109.302(A) requires that "every guardian or conservator shall render a final account within thirty days after completing the administration of the ward's estate or within any other period of time that the court may order." R.C. 2109.32(A) mandates that the probate court set the final account for a hearing not earlier than 30 days after the filing of the account. At the hearing the probate court "shall inquire into, consider, and determine all matters relative to the account and the manner in which the fiduciary has executed the fiduciary's trust." R.C. 2109.32(A).

{¶ 10} R.C. 2109.33 provides that, "[a guardian] may serve notice of the hearing upon the fiduciary's account to be conducted under section 2109.32 of the Revised Code, or may cause the notice to be served, upon any person who is interested in the estate or trust, including creditors as the court may direct." Separate and apart from the service of notice of hearing on the account, R.C. 2109.33 further provides:

> Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust. All exceptions shall be specific and written. Exceptions shall be filed and a copy of them furnished to the fiduciary by the exceptor, not less than five days prior to the hearing on the account.

The Laurels is a creditor of LaRue's estate. R.C. 2109.33 recognizes that a "person interested" in the estate includes creditors of the estate. Thus, The Laurels is authorized by R.C. 2109.33 to file exceptions to a guardian's account.

{¶ 11} In this case, Martin filed her final guardian's account on July 18, 2023 and the probate court scheduled a hearing for August 23, 2023. On July 25, 2023, Martin requested that the probate court waive service of the account upon LaRue's next of kin, vacate the August 23, 2023 hearing, and close the guardianship. The next day, July 26, 2023, the probate court granted Martin's motion, vacated the hearing and closed LaRue's guardianship. By doing so, the probate court failed to comply with the hearing

- 4 -

requirements set out in R.C. 2109.32 and denied The Laurels' right to file an exception to the account pursuant to R.C. 2109.33. As the hearing had been scheduled for August 23, 2023, The Laurels had until August 18, 2023 to file exceptions.

{¶ 12} The proper mechanism to challenge whether the guardian has properly administered the estate is to file exceptions to the account pursuant to R.C. 2109.33. *See In re Skrzyniecki*, 118 Ohio App.3d 67, 72 (6th Dist.1997). Pursuant to R.C. 2111.14(A)(3), the duties of a guardian of a ward's estate includes the duty "to pay all just debts due from the ward out of the estate in the possession or under the control of the guardian * * *." The charges LaRue accrued as a resident of The Laurels are LaRue's "just debts" and therefore Martin had a duty to pay them. This duty includes the obligation to make timely application for Medicaid benefits. *See In re Ewanicky,* 8th Dist. Cuyahoga No. 81742, 2003-Ohio-3351, ¶ 12-14 (holding that guardian was personally liable for ward's debt accrued due to guardian's negligence in failing to timely apply for Medicaid). By vacating the August 23, 2023 hearing, the probate court deprived The Laurels of the opportunity to file exceptions to the account.

## Conclusion

{¶ 13} In light of the foregoing, we conclude the probate court erred in vacating the August 23, 2023 hearing and depriving The Laurels of the opportunity to file exceptions to the account. Therefore, The Laurels' sole assignment of error is sustained and this matter is reversed and remanded for further proceedings with the direction that the probate court schedule a hearing on the final guardianship account.

{¶ 14} Judgment reversed and remanded for further proceedings consistent with this opinion.

S. POWELL, P.J., and M. POWELL, J., concur.